### In re STREET ASSESSMENTS IN TOWN OF SEWARD.

#### (Third Division. Seward. August 22, 1917.)

1. MUNICIPAL CORPORATIONS ⬅562(2)—SET-OFF AND COUNTERCLAIM —STREET ASSESSMENTS.

Upon objection to the order of sale of town lots for the non-payment of street assessments in Seward, Alaska, *held* that, although the owner have an action for damages against the town in relation to the same property, he cannot interpose it in an action or proceeding for the collection of delinquent assessments on the property.

2. TAXATION ⬅1, 587—MUNICIPAL CORPORATIONS—SET-OFF AND COUNTERCLAIM.

As the obligation to pay taxes does not rest upon any contract, express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of that word; and for the same reason taxes are not assignable as ordinary debts, unless it is expressly so provided, nor are they the subject of set-off between the taxpayer and the state or municipality.

3. TERRITORIES ⬅20—MUNICIPAL CORPORATIONS—DELINQUENT TAXES—STATUTES.

The Legislature of Alaska had power to supplement those provisions of the act of Congress (section 627, Comp. Laws Alaska 1913) authorizing towns in Alaska to levy and collect taxes and special assessments for local improvements on abutting property, by providing a summary proceeding for the assessment, levy and collection of such taxes and assessments.

Protestant objects to the payment of special tax for street improvements for the year 1915, assessed against his lot No. 13, in block No. 10, town of Seward: First, because he claims that one Mantell, who was the contractor for the city and put in concrete sidewalk in front of his lot and other lots in said town, had entered into a contract with protestant in his individual capacity, and not as agent or contractor for the city, to make certain excavation under the sidewalk in front of said

---

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

lot, and that said Mantell failed in his said contract with protestant, to his damage in the sum of $116.65.

Protestant also claims that said town of Seward must enforce the lien of said tax against protestant's property by an action of foreclosure in court, and not by the summary proceeding of advertisement and sale under the provisions of chapter 69, Session Laws of 1913.

J. L. Graef, in pro. per.

J. Lindley Green, of Seward, for Town of Seward.

BROWN, District Judge.  Upon the first objection it would appear from the language of the protest itself that the city would not be liable for any damage or injury caused to protestant by the failure of said Mantell to perform his personal contract with petitioner; but, even though the petitioner had an action for damages against the city, he could not interpose it in an action or proceeding for the collection of taxes against him.  See 37 Cyc. p. 1233, where it is said:

"Nor can a set-off or counterclaim be interposed in proceedings for the recovery of taxes."

And Id. p. 710, where it is said:

"As the obligation to pay taxes does not rest upon any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of that word; and for the same reason taxes are not assignable as ordinary debts, unless it is expressly so provided, nor are they the subject of set-off between the taxpayer and the state or municipality."

It would seem that any other rule would render exceedingly difficult, if not impossible, the collection of taxes, as persons would be setting up some claim, real or imaginary, for delay against the municipality, and thus defeat the highly important and necessary collection of public revenues.

As to the second objection, that the municipality cannot enforce this special tax or assessment by the summary proceeding provided in chapter 69, Sess. Laws Alaska 1913: Section 627, Comp. Laws Alaska 1913, provides:

"Sec. 627.  That the said common council shall have and exercise the following powers:  *  *  *  Fourth.  To provide for the location, construction, and maintenance of the necessary streets, alleys, crossings, sidewalks," etc., and assessment and levy of taxes therefor against the abutting property, and that "such tax shall be a lien

upon the same and may be collected as other real estate taxes are collected. * * * Ninth. To assess, levy, and collect a general tax for school and municipal purposes * * * and to declare the same a lien upon such property, and to enforce the collection of such lien by foreclosure, levy, distress, and sale."

Under this act of Congress it was found necessary to bring actions in the court to enforce the payment of delinquent taxes, involving considerable delay and expense; therefore the first territorial Legislature, by chapter 69, Session Laws 1913, provided a summary proceeding for the assessment, levy, and collection of general taxes by advertisement of delinquent taxes and an order of sale by the court. This act is undoubtedly intended to supplement subdivision 9 of said section 627 as to the manner of collecting general and all taxes, for it leaves untouched other portions of said act of Congress, approved April 28, 1904, quoted in section 627, and, from subdivision 4 as above quoted, it is evident that the special tax or assessment for sidewalk improvement is to be collected as other taxes are collected, and the procedure as to the collection of other taxes having been changed by law, it would seem that the collection of this special assessment or tax for sidewalks should be made in the manner provided by the new law.

Section 3 of said chapter 69, Session Laws Alaska 1913, provides that "all taxes levied and assessed by the common councils under this act, or under the aforesaid act of Congress, shall be a lien upon the property assessed," etc., clearly referring to the portions of said act of Congress remaining in full force and effect, and not changed by said territorial act.

I am of the opinion, therefore, that the proper procedure was followed in this case, and the collection of special assessments and taxes for sidewalk or other improvements may be enforced and collected in the same manner as general taxes.